UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**,

           Plaintiff,

v.

**SADE R. JACQUES**,

           Defendant.

Case Number:   22-cr-40005-TC

**MEMORANDUM AND ORDER**

On August 2, 2024, Defendant Sade R. Jacques filed a Motion to Reopen Detention Hearing. ECF No. 85. On August 6, 2024, the Government filed a response, ECF No. 86, and Defendant filed a reply on August 12, 2024. ECF No. 88. On August 19, 2024, the Court conducted a hearing on this Motion.

After conducting the hearing and as explained in additional detail at the conclusion of the hearing, the Court denies Defendant's Motion.

**I.    FACTUAL AND PROCEDURAL HISTORY**

On January 5, 2022, an Indictment was filed charging Defendant with one count, Possession with the Intent to Distribute a Controlled Substance. ECF No. 1. A Superseding Indictment was filed on December 6, 2023, which alleges a single count of Possession with the Intent to Distribute Methamphetamine. ECF No. 58. The charge is punishable by a term of imprisonment of not more than twenty years. *Id.*

Defendant initially was released pursuant to an Order Setting Conditions of Release, which included a requirement for testing for controlled substances and participation in a program of inpatient or outpatient substance abuse therapy as directed by her pretrial officer. ECF No. 11.

But as the Court previously and extensively detailed, Defendant has failed to comply with the conditions of her pretrial release almost from the beginning. ECF No. 77. U.S. Probation filed its first Petition to revoke Defendant's pretrial release on September 12, 2022, which discussed Defendant's extensive and ongoing use of controlled substances, her submission of diluted drug screens on four occasions, and allegations that she violated state and local law while on release. ECF No. 23.

For more than two years, U.S. Probation tried a wide variety of approaches to help Defendant comply with the conditions of her release, but none were successful. Four separate violation memoranda were submitted to the Court, evidencing multiple attempts to counsel Defendant on how to comply with her conditions and address her ongoing marijuana use. ECF No. 77. Her conditions were modified multiple times, including to add location monitoring, a curfew and psychiatric treatment. ECF Nos. 26, 43. She nonetheless tested positive for marijuana even while on location monitoring and a curfew. ECF No. 77.

As the Court previously detailed, Defendant refused to consistently participate in substance abuse treatment. ECF No. 77. As her U.S. Probation officer testified at the revocation hearing, she never indicated any intention of wanting to stop using. *Id.* And Defendant spoke on her own behalf at the revocation hearing—despite a strong admonition from the Court not to do so and a warning that her words could be used against her. She stated on the record that she had used marijuana throughout her entire pretrial release, she did not indicate any intention to stop using marijuana and she did not indicate any commitment to any treatment going forward. *Id.*

The Court ultimately revoked Defendant's pretrial release and ordered Defendant detained. ECF No. 77. The Court found there was probable cause to believe that Defendant committed a federal, state or local crime while on release, found that Defendant violated conditions of her

2

release and determined that Defendant is unlikely to abide by any condition or combination of conditions of release. *Id*.

## II. ANALYSIS

### A. Applicable Standards

Defendant's Motion seeks to reopen the issue of detention pursuant to 18 U.S.C. § 3142(f). ECF No. 85. 18 U.S.C. § 3142(f) is entitled "Detention Hearing" and it states that a "judicial officer shall hold a hearing" and that such hearing "shall be held immediately upon the person's first appearance . . ." Section 3142(f) additionally states that "[t]he hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." All of this language discusses "the" § 3142 detention hearing.

But as discussed at the August 19th hearing, the Court's Order revoking Defendant's pretrial release was not decided pursuant to 18 U.S.C. § 3142(f), but pursuant to 18 U.S.C. § 3148, which addresses "Sanctions for violation of a release condition." Unlike § 3142, § 3148 expressly states that the "judicial officer shall enter an order of revocation and detention if," certain findings are made, including that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2)(B). There is no equivalent language in § 3142 that allows for a defendant to be detained pretrial based on a finding that the person is unlikely to abide by any conditions.

The threshold questions before the Court are whether an order issued pursuant to § 3148 can be revisited and, if so, should the standards in § 3142 apply. There are surprisingly few cases

3

across the country that substantively address this issue. Many courts have reopened an order issued pursuant to § 3148 and applied the § 3142 standards without independently analyzing the statutory framework because the parties have either agreed that the issue should be analyzed under § 3142 or no party disputes that application of § 3142.[1] Other courts have analyzed the issue and found that a motion to reopen a § 3148 order should be analyzed under § 3142.[2]

This Court, however, is persuaded by those courts that have found that § 3142 is not the vehicle by which to revisit a § 3148 revocation decision. As one court stated in addressing whether § 3142 would apply to a motion to revisit an order issued pursuant to § 3148:

> As a practical matter, the Court cannot reopen the section 3142 detention hearing because [defendant's] detention is not based in 3142 but, rather, section 3148. Simply put, there is no detention to reopen under section 3142 because there was never a detention order entered under section 3142. . . . The language of section 3142(f) supports this conclusion as it specifically refers to the detention hearing held under section 3142 when it states that "[t]he hearing may be reopened ...." *See* 18 U.S.C. § 3142(f).

*United States v. Bararia*, No. 2:12-CR-00236-MMD, 2013 WL 1907782, at *3 (D. Nev. Mar. 12, 2013), *aff'd on other grounds,* No. 2:12-CR-00236-APG, 2013 WL 1907750 (D. Nev. May 7, 2013).[3]

---

[1] *See, e.g.*, *United States v. Brasier*, No. CR-S-08-0453LKK(GGH), 2009 WL 3367484, at *3 n.1 (E.D. Cal. Oct. 18, 2009) ("It is an open question whether a § 3148 decision is open to reconsideration at all since that statute does not contain the reopening language pertinent to initial decisions to detain or release. However, since the parties do not raise the issue, the undersigned will presume that the same standard applies.").

[2] *See, e.g.*, *United States v. Parks*, No. 18-CR-251-GKF-1, 2023 WL 2598694, at *2 n.2 (N.D. Okla. Mar. 22, 2023) ("Although it is not clear from the statutory language, the Court concludes that a pretrial revocation proceeding conducted pursuant to § 3148 may be reopened pursuant to § 3142(f)."); *United States v. Alexander,* No. 1:17-CR-13-7 (WLS), 2018 WL 265578, at *4 (M.D. Ga. Jan. 2, 2018) ("Section 3148 is part and parcel of § 3142. The right to reopen a hearing contained in § 3142(f) is therefore also applicable to § 3148 proceedings.").

[3] *Accord United States v. Quinn*, No. 22-20040-03-HLT, 2023 WL 3984008, at *6 (D. Kan. June 12, 2023) (denying a motion seeking pretrial release pursuant to 18 U.S.C. § 3142

4

In many instances, such as when pretrial release is revoked for risk of flight and danger, the Court acknowledges that there may be no meaningful difference between revisiting a § 3148 decision or reopening detention pursuant to § 3142.  But here, there are substantive differences because the underlying revocation decision was based on an inability to comply with conditions of release—language that is unique to § 3148.  *See Bararia*, 2013 WL 1907782, at *3 (declining to apply § 3142 to a motion to revisit an order issued pursuant to § 3148 because "there are different standards that apply when ruling on a motion for detention under section 3142(e) and (f) at the outset of a case and when ruling on revocation under section 3148. . . .  It is not consistent with the statutory construct to permit a defendant to revert back to the section 3142 standards after revocation has been entered under section 3148.").

If the Court's § 3148 order could be reviewed only pursuant to § 3142, this would render the language in § 3148 effectively meaningless because the § 3142 standard does not allow an individual to be detained for a failure to abide by conditions of release (absent tying such allegations to a risk of danger or flight).  This would create an untenable situation in which the Court could revoke a defendant's pretrial release pursuant to § 3148 for their failure to abide by conditions of release and the defendant could then turn around and seek to reopen the issue of detention, claiming that a failure to abide by conditions of release is not a basis for pretrial detention pursuant to 18 U.S.C. § 3142.

Instead, as discussed at the hearing, the Court has construed Defendant's Motion as effectively seeking reconsideration of the Court's 18 U.S.C. § 3148 order.  *See Bararia*, 2013 WL

---

when the defendant's pretrial release previously was revoked pursuant to 18 U.S.C. § 3148, stating: "this argument misconstrues the procedural posture of Quinn's detention.  He is not currently detained by virtue of a detention order following a detention hearing.  He was released on bond and has now been detained (twice) pursuant to § 3148.").

1907782, at *4 (stating that the motion to revisit a § 3148 order can "be construed as a motion for the Court to reconsider its revocation order"). This finding is consistent with the language in § 3148, which states:

> If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148(b). Whether pursuant to D. Kan. Rule 7.3, which allows for motions to reconsider if they are based on the availability of new evidence, or pursuant to the specific language above in § 3148(b), the Court can reconsider its revocation decision if it finds that there are conditions that will assure the person will not flee or pose a danger to the community *and* that the person will abide by such conditions. Here, the Court will construe Defendant's Motion as arguing that a condition for inpatient treatment, which is arguably new information, can be added and Defendant will abide by it and the other conditions of release.

### B. Inpatient treatment does not alter the Court's prior § 3148 order

As confirmed on the record at the hearing, the parties agree that the Court's decision on this Motion effectively comes down to whether inpatient treatment changes the Court's earlier determination that Defendant is unlikely to abide by the conditions of her release. For the reasons discussed on the record, the Court does not find that an inpatient bed date changes the Court's prior order revoking Defendant's pretrial release.

There is no doubt that Defendant has an ongoing struggle with controlled substances. As detailed in the Court's order revoking her pretrial release, "Defendant has never submitted a negative drug test throughout the entire course of her supervision." ECF No. 77. But Defendant's misconduct on pretrial release was not limited to her ongoing use. She additionally took steps to

6

evade supervision of her ongoing use of controlled substances, including multiple attempts to dilute her urine samples. *Id.*

While ongoing use of controlled substances could make someone eligible for inpatient treatment, the Court has very serious concerns about the information Defendant provided to her RADAC evaluator to obtain the inpatient treatment referral. In support of her Motion, Defendant provided to the Court, the Government and U.S. Probation a heavily redacted copy of the RADAC evaluation. What is particularly concerning about this document is her purported representation to the evaluator about her "Readiness to Change." The RADAC evaluation states: "Client is open to treatment and denied any previous treatment experience."

As it relates to her previous treatment experience, her denial is demonstrably false. Again, Defendant's pretrial release was revoked in part because she failed to comply with conditions requiring her to consistently participate in substance abuse treatment. ECF No. 77. The Court has very serious concerns about the sincerity of her desire to go to inpatient treatment—much less her ability to comply with all conditions associated with such treatment—when it does not appear she could be honest with her RADAC evaluator.[4] The Court does not know what impact, if any, her candor would have had on her evaluator's decision to recommend inpatient treatment, but her lack of candor is a continuation of the type of conduct that resulted in the revocation of her pretrial release.

---

[4] There are additional inaccuracies on the face of the heavily redacted RADAC evaluation. For example, she told her evaluator she "was arrested for possession." Instead, as the Government discussed at the hearing, she was found in possession of 100 pounds of methamphetamine and was charged with Possession with Intent to Distribute. Just as with her lack of candor regarding treatment, the Court does not know what impact, if any, this information would have had on the recommendation for inpatient treatment.

7

At the hearing, defense counsel argued that Defendant's three months in custody has sincerely changed her views on treatment. In response, the Government argues that this is yet another attempt by Defendant to delay the progression of this case, which has lingered for more than two and a half years as a result of Defendant's requests for continuances. *See, e.g.,* ECF No. 40.

Again, Defendant's lack of candor with her evaluator gives the Court serious concerns about the sincerity of Defendant's desire to participate in inpatient treatment at this time. But ultimately, the Court has more than two years of experience with Defendant that demonstrate her unwillingness or inability to comply with conditions of release. Going to inpatient treatment would require her to comply with even more conditions and there is no basis to conclude that she will be more successful now. While Defendant proposed that additional conditions, such as location monitoring, could be added, the Court previously tried location monitoring and a curfew and these conditions did not stop Defendant's ongoing violations of the conditions of her pretrial release.

At the hearing, Defendant conceded on the record that she bears the burden here and the Court is not persuaded that an added condition like inpatient treatment will result in Defendant abiding by such conditions. *See Bararia*, 2013 WL 1907782, at *4 (holding that the court "will not reconsider its prior finding under section 3148(b)(2)(B) that [defendant] is unlikely to abide by any condition or combination of conditions of release" based on defendant's "self-serving attempt to circumvent this [§ 3148] finding in hopes of washing away [defendant]'s prior violations of his release conditions").

For these reasons, Defendant's Motion is denied. Defendant is to remain in the custody of the United States Marshal.

Dated: August 22, 2024.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge